# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:11-cv-00049-MR-DLH

| | |
|---|---|
| LARRY GARLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney Fees Pursuant to Social Security Act Section 206(b)(1). [Doc. 20].

## I. PROCEDURAL BACKGROUND

On November 21, 2011, the Plaintiff, represented by The Olinsky Law Group, initiated this action seeking judicial review of the Commissioner's decision to deny his application for benefits under the Social Security Act. [Doc. 1]. The Plaintiff and The Olinsky Law Group had a contingency fee agreement pursuant to which counsel would charge and receive as a fee an amount equal to 25% of any past due benefits awarded to the Plaintiff. [Doc. 20-2 at 3].

On March 1, 2013, this Court reversed the Commissioner's decision denying the Plaintiff's application for benefits and remanded the case to the Appeals Council for further administrative action. [Doc. 16]. On May 10, 2013, the Court awarded the Plaintiff attorney's fees in the amount of $5,750.00 in full satisfaction of any and all claims by the Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). [Doc. 18]. On May 21, 2013, the United States Treasury Department issued the Plaintiff a debt collection notice, thereby reducing the total assignment of EAJA fees to The Olinsky Law Group to $1,835.07. [Doc. 20-1 at 12].

On September 6, 2013, an Administrative Law Judge issued a fully favorable decision, finding the Plaintiff to be disabled as of July 17, 2009, the amended alleged onset date. [Doc. 20-1 at 15]. The Plaintiff was represented by different counsel, Russell Bowling, at the administrative level.

On March 2, 2014, the Social Security Administration issued a Notice of Award, withholding 25% of past due benefits ($15,501.25) to pay the approved lawyers' fee. [Doc. 20-2 at 5]. On May 15, 2014, the Social Security Administration authorized a fee of $10,000.00 to Mr. Bowling for representation before the agency, leaving $5,501.25 remaining of the 25%

of past due benefits withheld by the Administration as approved lawyers' fees. [Doc. 20-2 at 14].

The Olinsky Law Group now seeks an award of $5,501.25 in fees pursuant to 42 U.S.C. § 406(b)(1). [Doc. 20]. The Defendant consents to the Plaintiff's Motion. [Doc. 21].

## II. DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees. First, claimants may seek a fee award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), which provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A). Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due

benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

Here, the Plaintiff and his counsel entered into a contingency fee agreement by which the Plaintiff agreed to pay 25% of any past due benefits awarded to his counsel. [Doc. 20-2 at 3]. As the Fourth Circuit has recognized, "§ 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, ... § 406(b) simply instructs a court to review the agreement for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (internal quotation and citation omitted).

4

The Court finds that the services rendered in this Court were appropriate and reasonable to the relief sought, and the contingency fee agreement executed by the Plaintiff and his counsel is reasonable. Accordingly, the Motion for Attorney's Fees under the Social Security Act is granted.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney Fees under § 406(b) of the Social Security Act [Doc. 21] is hereby **GRANTED** and an award of attorney's fees in the amount of Five Thousand Five Hundred and One Dollars and Twenty-Five Cents ($5,501.25) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby approved.

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees, Plaintiff's counsel is hereby instructed to return to the Plaintiff the sum of One Thousand Eight Hundred and Thirty-Five Dollars and Seven Cents ($1,835.07), representing the fee that counsel previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the

award from past due benefits which have been withheld for such purpose pursuant to Title II of the Social Security Act.

**IT IS SO ORDERED.**

Signed: July 3, 2014

Martin Reidinger
United States District Judge